PAULINE NEWMAN, Circuit Judge,
dissenting.
In this case of income tax overpayment and underpayment, the question on appeal is the taxpayer’s obligation to pay interest on underpaid income tax, as later determined by audit, when a tax overpayment for the same tax period and amount was already in the possession of the United States Treasury.
The question is not whether a taxpayer must pay interest to the United States on an underpayment of income tax, for the law is clear that interest is owed on tax underpayments. The question is whether this obligation can be set off against the taxpayer’s overpayment of estimated tax for the same year. This court now holds that such a set-off, whether called “interest netting” or economic recognition of the government’s use of the taxpayer’s money, is not available to the taxpayer, at least when the taxpayer has designated the overpayment as a “credit-elect.” This court thus establishes a new rule that applies even when the overpayment was not needed and was not used to pay any tax obligation. This decision departs from the principles of several statutory provisions, and diverges from the rulings of other courts that have considered similar situations.
I
FleetBoston overpaid its reported income taxes for 1984 and 1985, and elected on its tax returns that the overpayments not be refunded, but be retained by the IRS and applied to the succeeding year’s tax. This is called a “credit-elect overpayment.” In the course of later audits, the IRS determined that there were deficiencies in the taxes reported by FleetBoston on its returns for 1984 and 1985. The IRS assessed the corrected tax and charged interest on the deficiencies, although FleetBoston’s overpayments were more than adequate to pay the deficiencies, and such overpayments had not been used to pay taxes in the ensuing years, although available for that purpose due to the “credit-elect.” Thus although the overpayments were in the possession of the IRS throughout the period for which the IRS levied interest, the IRS refused to credit the overpayments against the deficiencies, or to credit the value of the overpayments against the interest levied on the deficiencies.
FleetBoston seeks a refund of the interest that was levied, arguing that since the funds to pay the deficiencies were already in the possession of the IRS, interest on the deficiencies should not be charged, or should be deemed to be set off against the interest earned by the government on the overpayments. Rejecting both grounds of relief, this court holds that because the overpayments were designated “credit-elect,” neither the overpayments nor their earned interest could be credited to any deficiency found (upon later audit) for the year of the overpayment. It is noteworthy that in this case the elected credit was not used as a credit in ensuing years. Nonetheless, the court deems it irrelevant that *1356 this money was possessed by the government.
The authority on which my colleagues rely is Treas. Reg. 301.6402 — 3(a)(5),[1] which states that no interest is paid by the Treasury on overestimated tax payments that the taxpayer elects to leave with the Treasury for credit against the ensuing year’s tax. Explaining their holding, my colleagues describe FleetBoston’s estimated tax overpayments as residing in “other tax years’ accounts,” maj. op. at 1347, apparently because of the “credit-elect,” for it is undisputed that the overpayment was for the same tax year for which deficiency interest was levied.
FleetBoston argues that when Treas. Reg. 301.6402 — 3(a)(5) is read together with the “interest-netting” statutes, such that an overpayment covering the tax deficiency is possessed by the Treasury in the year of the deficiency, it is inappropriate to charge the taxpayer with deficiency interest for the period in which the funds were available to pay the deficiency. However, the court holds that the taxpayer must pay deficiency interest despite the fact that the taxpayer had overpaid its tax in an amount sufficient to pay the deficiency. This is contrary to tax principles, for the tax code includes provisions that require a balance between interest chargeable to the taxpayer and interest payable by the government:
26 U.S.C. § 6601(f). Satisfaction by credits. If any portion of a tax is satisfied by credit of an overpayment, then no interest shall be imposed under this section on the portion of the tax so satisfied for any period during which, if the credit had not been made, interest would have been allowable with respect to such overpayment. The preceding sentence shall not apply to the extent that section 6621(d) applies.
26 U.S.C. § 6611(b). Period. Such interest shall be allowed and paid as follows:
(1) Credits. In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken.
26 U.S.C. § 6621(d). Elimination of Interest on Overlapping Periods of Tax Overpayments and Underpayments. To the extent that, for any period, interest is payable under subchapter A and allowable under subchapter B on equivalent underpayments and overpay-ments by the same taxpayer of tax imposed by this title, the net rate of inter *1357 est under this section on such amounts shall be zero for such period.
Although the parties dispute whether formal requirements for § 6621(d) were met by FleetBoston, the government states that in any event § 6621(d) does not apply when there was a credit-election; thus the government removes this section from the very situation it was intended to remedy. That cannot be the correct interpretation, for it is plainly stated in the legislative history that Congress intended to preclude charging the taxpayer with interest on underpayments while overpayments were in the possession of the IRS. The statutes reinforce FleetBoston’s position that the assessment of interest was improper.
II
Other courts, differing from the panel majority, have held that when the overpayment was in the hands of the Treasury during the period of deficiency, the levy of interest on the deficiency is inappropriate. The court in Avon Products, Inc. v. United States, 588 F.2d 342 (2d Cir.1978) stressed that the levy of interest is compensatory, not penal, and should be considered on this principle:
During the three-month period in dispute, Avon had unquestionably paid enough indeed, $17,000 more than enough to satisfy its 1967 tax liability. Moreover, it is a clearly established principle that interest is not a penalty but is intended only to compensate the Government for delay in payment of a tax. Avon should not be required to pay interest for this period on a later-created deficiency, unless the Internal Revenue Code compels such an extraordinary result. We do not believe it does. [Citations omitted.]
Otis Spunkmeyer, Inc. v. United States, No. 02 Civ. 5773 (N.D.Cal. Aug. 10, 2004) at 21:
Both the agency and the courts have embraced the “use of money” principle as a sort of touchstone, when a clear and unambiguous statutory directive is lacking, for determining when the IRS is entitled to collect interest from taxpayers _Because the IRS had in its possession until October 12, 1999 (the date it issued a refund check to OSI), over-payments that exceeded both the later-determined deficiencies, the “use of the money principle” absolves OSI of any obligation to pay interest before that date on the later-determined deficiencies for tax years 1993 and 1994.
May Department Stores v. United States, 36 Fed.Cl. 680 (1996):
[Consistent with the “use of the money” principle followed in both Manning [v. Seeley Tube & Box Co., 338 U.S. 561, 70 S.Ct. 386, 94 L.Ed. 346 (1950)] and Avon Products, interest on deficiencies may be charged to compensate the government for funds which it did not possess but which it rightfully should have possessed. Before October 15 of each relevant tax year, not only had plaintiff paid the full sum for which it was liable, but its payment was not deficient in any respect. The IRS’s application of the overpayment to the first installment of estimated tax for the following year, which had already been paid, cannot change the fact that the government had the use of the funds in issue from April 15 to October 15 and therefore suffered no underpayment. [Footnote omitted.]
Sequa Corp. v. United States, 99-1 U.S.T.C. (CCH) ¶ 50,379 (S.D.N.Y. June 8, 1999):
The Court finds persuasive the reasoning in May [Department Stores v. United States, 36 Fed.Cl. 680 (1996)] supporting that court’s conclusion that under § 6601(a), the IRS may not assess interest on the amount of overpay-ments of tax credited to a succeeding year’s liability were reduced to pay ad *1358 ditional tax liability in the year of the overpayment.
In re Vendell Healthcare, Inc., 222 B.R. 564 (Bankr.M.D.Tenn.1998):
Because Vendell had no tax liability for the fiscal years of 1993 and 1994, the government was not deprived of use of Vendell’s money since it was holding estimated tax payments that would reduce or satisfy the tax deficiencies. At no point, therefore, were the 1991 and 1992 taxes “due” and “unpaid” to the extent the IRS held the overpayments to reduce or satisfy the tax liabilities.
These cases support the principle that interest should not be assessed when the IRS already possesses the payment. The Federal Circuit recognized this principle in Computervision Corp. v. United States, 445 F.3d 1355, 1361-62 (Fed.Cir.2006) (discussing interest suspension under Revenue Ruling 99 — 40). For FleetBoston, it is not disputed that the government had Fleet-Boston’s overpayment, and that despite the “credit-elect” this money was not allocated to any tax deficit in the years for which interest was charged to FleetBo-ston. FleetBoston stresses that it is not seeking to be paid interest on its overpay-ments; it is seeking not to be charged interest on its underpayments for the same period in which it made the overpayment. This is fair, and in accordance with statute and the weight of precedent. I thus must dissent from my colleagues’ contrary holding.

. Treas. Reg. 301.6402-3(a)(5). A properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 11.20X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return). For purposes of section 6511, such claim shall be considered as filed on the date on which such return (or amended return) is considered as filed, except that if the requirements of § 301.7502-1, relating to timely mailing treated as timely filing are met, the claim shall be considered to be filed on the date of the postmark stamped on the cover in which the return (or amended return) was mailed. A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return (or amended return) is filed. If the taxpayer indicates on its return (or amended return) that all or part of the overpayment shown by its return (or amended return) is to be applied to its estimated income tax for its succeeding taxable year, such indication shall constitute an election to so apply such overpayment, and no interest shall be allowed on such portion of the overpayment credited and such amount shall be applied as a payment on account of the estimated income tax for such year or the installments thereof.